**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| CHASITY ROBINSON and<br>MAKELIA WINGARD, individually and on<br>behalf of other similarly situated individuals,<br><br>                    Plaintiffs,<br>v.<br><br>RYLA TELESERVICES, INC.<br><br>                    Defendant. | )<br>)  Case No.: 11-131 (KD-C)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

<u>**REPORT OF PARTIES' PLANNING MEETING**</u>

Pursuant to Fed.R.Civ.P. 26(f), a meeting was held on Friday, June 10, 2011 via telephone and was attended by:

David E. Schlesinger for Plaintiffs Chasity Robinson and Makelia Wingard

Kimberly M. Talley and Jennifer Ide for Defendant Ryla Teleservices, Inc.

***The parties request a conference with the court before entry of the scheduling order to discuss the discovery plan.***

1.  Brief narrative statements of the parties:

    **Plaintiffs' brief narrative statement:** Plaintiffs, and other similarly situated individuals, are or were hourly employees working in Defendant's call center in Saraland, Alabama.  Defendant failed to pay Plaintiffs for time spent logging into computer applications and performing other work both prior to their shifts and after their shifts.  This work included, but was not limited to time spent booting-up computers, initializing

Error! Unknown document property name.

software programs, setting up "call backs," and reviewing work related emails and intranet messages.  Moreover, Defendant regularly failed to pay the Plaintiffs, and other similarly situated individuals in full and on time on their regularly scheduled paydays.

There are other similarly situated individuals who should be permitted to opt-in to this collective action pursuant to the two-step process for Fair Labor Standards Act ("FLSA") certification.  More than forty (40) individuals have already filed consents with the Court, showing their desire to be included in this action following conditional certification.

The court should be aware that this action is one of five FLSA collective actions filed by employees against Defendant involving similar issues as those to be addressed in this case.  The other actions are: *Slaughter-Cabbell, et al. v. Ryla Teleservices, Inc.*, Civ. No. 1:11-cv-00202 (N.D. GA), *Swarthout et al. v. Ryla Teleservices, Inc.*, Civ. No. 4:11-CV-0021 (N.D. Ind.), *Shea et al. v. Ryla Teleservices, Inc.*, Civ. No. 1:11-CV-00626 (E.D. Cal.) and *Dickenson et al. v. Ryla Teleservices, Inc.*, Civ. No. 11-CV-1208 (D. Co.).  In the *Slaughter-Cabbell* action, which involved similar facts and the same claims at issue here, Defendant stipulated to conditional certification under the FLSA.

**Defendant's narrative statement:**

The case should not be maintained as a collective action as Plaintiffs are not similarly situated with other call center employees in Defendant's facility in Saraland, Alabama.  Defendant denies Plaintiffs were suffered or permitted to perform work for which they were not compensated.  Plaintiffs' claim for compensation is barred under the FLSA to the extent that it includes time for activities that are preliminary or postliminary to Plaintiff's duties, uncompensated time for meal periods or for *de minimis* time worked.

Error! Unknown document property name.

Even if Defendant failed to pay Plaintiffs for any of the activities they allege in the Complaint, such activities do not constitute compensable work under the FLSA as they are not integral or indispensable parts of Plaintiffs' principle activities or employment. Defendant did not willfully violate the FLSA. Defendant's policies, practices and procedures conform with all applicable governmental codes and regulations. Defendant's alleged actions were undertaken in good faith, with the absence of malicious intent to injure anyone and constitute lawful, proper and justified means to further the sole purpose of engaging in and continuing business.

2. This jury action should be ready for trial by October 15, 2012 and at this time is expected to take approximately one week.

3. The parties request a pretrial conference in September, 2012.

4. Discovery Plan. The parties propose to the court the following discovery plans:

**Defendant's Position:** Defendant proposes that a two-tier discovery plan should be used in this case. Defendant proposed an initial four month discovery period prior to plaintiffs filing a Motion for Conditional Certification and to Authorize the Issuance of Notice to Similarly Situated Employees Pursuant to 29 U.S.C. § 216(b). Defendant proposes that, after the Court has issued a ruling on Plaintiffs' Motion for Conditional Class Certification and, if applicable, after any Notice Period has expired, that parties hold a second Case Management Conference to address a discovery plan for the remainder of the case.

**Plaintiffs' Position:** Plaintiffs object to Defendant's request for four months of discovery prior to conditional certification. FLSA certification proceeds in a two-step process, and no discovery is required prior to the first stage. Rather, conditional

Error! Unknown document property name.

certification typically precedes substantial discovery, while a second stage motion for decertification takes place after the close of discovery. <u>See generally Morgan v. Family Dollar Stores, Inc.</u>, 551 F.3d 1233, 1260 (11th Cir. 2008) (describing the FLSA two-stage process). Plaintiffs plan to move for conditional certification under the FLSA within a month. Furthermore, the entire discovery process in this case could be completed in eight months, and there is no need for a two-tier discovery plan. The "two-tier" discovery plan proposed by Defendants would lead to unnecessary delay and expense, including multiple depositions of the same individuals. Moreover, substantial discovery prior to conditional certification would prejudice the putative opt-in Plaintiffs because the statute of limitations continues to run on their claims until they opt-into the case.

**Discovery will be needed on the following subjects:** whether Plaintiffs are similarly situated to the Opt-in Plaintiffs, whether Plaintiffs and/or Opt-in Plaintiffs performed overtime work for which they were not compensated, whether Defendant knew or should have known about any uncompensated overtime work performed, and the amount of damages, if any; and whether the Plaintiffs and the Opt-in Plaintiffs are similarly situated.

5. Initial Disclosures. The parties will exchange the information required by Fed. R. Civ.P. 26(a)(1) by July 1, 2011.

6. The parties request until September 15, 2011 to join additional parties and amend the pleadings.

7. Reports from retained experts under Rule 26(a)(2) due:

  Plaintiffs' expert disclosures and report shall be served by December 15, 2012.

  Defendant's expert disclosures and report shall be served by January 16, 2012.

4

8.  Pretrial Disclosures. Final lists of witness and exhibits under Rule 26(a)(3) due by August 15, 2012.

9.  Discovery Limits.

**Defendant's Position:**  Defendant contends that discovery will be needed in two distinct phases.  Initial discovery is needed on issues relating to whether or not this case should proceed as a collective action and whether Plaintiffs are entitled to send notice of this action to putative class members.  This initial period of discovery will focus primarily on issues such as similarities and differences in work assignments, policies, procedures, management, and the characteristics of plaintiffs and other putative class members.  As stated above, Defendant requests four months for this initial discovery period.  The second phase of discovery would focus on  the merits of the claims, including issues such as whether the time at issue is compensable under the FLSA, managerial knowledge of the alleged work, quantity of time at issue, credibility of litigants and witnesses, and the applicability of any statutory, regulatory, or common law defenses.  Additional discovery to support an eventual motion to decertify the class would be permitted as well.

**Plaintiffs' Position:**  As stated above, discovery could be completed in this matter in eight months.  After conditional certification, discovery should be permitted on a representative sample of the opt-in Plaintiffs.

10. All potentially dispositive motions filed by April 15, 2012.

11. Settlement cannot be evaluated prior to September 1, 2011.


DATE:  June 13, 2011                    **NICHOLS KASTER, PLLP**

                                        *s/David E. Schlesinger*

5

James H. Kaster, MN Bar No. 53946*
David E. Schlesinger, MN Bar No. 387009*
4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Fax: (612) 215-6870
kaster@nka.com
schlesinger@nka.com
* *admitted pro hac vice*

*Counsel for Plaintiffs*

**SUTHERLAND ASBILL & BRENNAN LLP**


*s/Jennifer N. Ide*
Malvern U. Griffin , III  (ASB-5448-I42M)
Allegra Lawrence-Hardy
Georgia Bar No. 439797*
Jennifer N. Ide
Georgia Bar No. 381892*
999 Peachtree Street
Atlanta, GA 30309
Telephone: (404) 853-8000
Fax: (404) 853-8806
griff.griffin@sutherland.com
allegra.lawrence-hardy@sutherland.com
jennifer.ide@sutherland.com
* *admitted pro hac vice*

*Counsel for Defendant Ryla Teleservices, Inc.*

6

**Error! Unknown document property name.**