# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

CHASITY ROBINSON and
MAKELIA WINGARD, individually
and on behalf of other similarly situated
individuals,                                            :

    Plaintiffs,                               :

vs.                                                     :       CA 11-0131-KD-C

RYLA TELESERVICES, INC.,                                :

    Defendant.                                :

## ORDER

The law firm Nichols Kaster, PLLP has filed a renewed motion to withdraw as counsel for plaintiff Makelia Wingard (Doc. 93).[1]  Because, first, the motion presents good cause to withdraw from this representation—Wingard's failure to respond to her counsel's attempt(s) to contact her after she failed to appear for her rescheduled deposition on September 16, 2011 (*id.* at 1-2)[2]—and, second, counsel has served a copy of

---

[1] Although counsel's initial motion to withdraw (Doc. 85; *see also* Doc. 86) presented the Court with good cause to justify counsel's request to withdraw—Wingard's failure to respond to her counsel's numerous attempts to contact her after she failed to appear for her deposition on August 17, 2011—it was denied because counsel did not comply with the Court's Local Rules.  (*See generally* Doc. 87.)

[2] A client's "continual failure to respond to any of counsel's communications" is good cause to support counsel's motion to withdraw from their representation of that client.  *Stockwell v. City & County of San Francisco*, No. C 08-5180 PJH, 2011 WL 203833, at *1 (N.D. Cal. Jan. 21, 2011); *see also Waters v. E.P. Architectural Builders, Inc.*, No. C 10-03193 LB, 2011 WL 482769, at *2 (N.D. Cal. Feb. 7, 2011) ("There is

the motion on Ms. Wingard (*see* Docs. 93-1 & 93-2), in compliance with the Court's Local Rules, *see* S.D. ALA. L.R. 83.5(h), the Courts finds that the motion should be—and it is hereby—**GRANTED**.

**DONE and ORDERED** this the 29th day of September, 2011.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

---

good cause to grant defense counsel's motion to withdraw because Defendants have failed to communicate with counsel about the direction of the case."); *Christian v. Frank*, Civil No. 04-00743 DAE-LK, 2011 WL 801966, at *1 (D. Haw. Feb. 10, 2011) ("In determining whether there is good cause for withdrawal, courts have considered whether the client is cooperative and willing to assist the attorney in the case.") (citations omitted); *Universal-Polygram Int'l Publ'g Inc. v. Prairie Broad. Co.*, Civil No. 09-CV-0576 (PJS/RLE), 2009 WL 1955618, at *4 (D. Minn. July 7, 2009) ("[G]ood cause exists to support [counsel's] withdrawal from [his or her] representation of [a client], based upon the [client's] failure and refusal to communicate with their counsel[.]"); *Hershey v. Berkeley*, No. EDCV 07-689-VAP (JCRx), 2008 WL 4723610, at *2 (C.D. Cal. Oct. 24, 2008) ("The Court finds the Plaintiffs' failure to communicate with their attorneys constitutes good cause for the attorneys to seek withdrawal from representing the clients.") (citation omitted).