IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CHASITY ROBINSON and
MARKELIA WINGARD, individually
and on behalf of other similarly situated
individuals,                                       :

    Plaintiffs,                           :

vs.                                                :           CA 11-131-KD-C

RYLA TELESERVICES, INC.,                           :

    Defendant.                            :

## ORDER

This matter is before the undersigned, pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rules 72.2(a) and (c)(1), on the plaintiffs' motion for conditional class certification and judicial notice under the Fair Labor Standards Act, 29 U.S.C. § 216(b) (Doc. 71) and brief and other materials in support (Docs. 72-75), all filed July 22, 2011; various consent forms filed pursuant to 29 U.S.C. § 216; the defendant's response to the motion (Doc. 92), filed September 23, 2011; and the plaintiffs' reply in further support of their motion (Doc. 95), filed September 30, 2011.[1] For the reasons set forth below, the motion is **GRANTED** as set out in the conclusion of this order.

---

[1] During the pendency of this motion the defendant filed, on October 19, 2011, a motion for sanctions against Plaintiff Makaelia Wingard because she failed to attend her deposition (Doc. 97; *see also* Doc. 98 (brief in support)). Prior to the filing of this motion, the Court granted, on September 19, 2011, Ms. Wingard's counsel's renewed motion to withdraw (*see* Doc. 94), but nevertheless allowed both Ms. Wingard and her former counsel (still representing Plaintiff Chasity Robinson and the putative plaintiffs) an opportunity to respond, which they did (*see* Docs. 101 and 102). The undersigned initially determined that, due to the defendant's request that the Court dismiss Ms. Wingard's claim as a sanction, a single report and

Background

On March 15, 2011, the plaintiffs filed a lawsuit against Ryla Teleservices, Inc. on behalf of themselves and all other individuals who have worked for Ryla as customer service representatives in the defendant's Saraland, Alabama call center from March 15, 2008 to the present (*see* Doc. 1; *see also* Doc. 10, am. compl.), in which they allege that Ryla has violated the FLSA by (1) not compensating its employees for the time they spend on work activities without being logged into the defendant's timekeeping system and (2) failing to pay its employees on time on certain occasions. Ryla has filed an answer (Doc. 28) to the amended complaint, contesting the substance of the plaintiffs' claims and asserting twenty-seven affirmative defenses. After the parties' submitted their Rule 26(f) report (Doc. 62), a conference was held before the undersigned on June 23, 2011 (*see* Doc. 67), during which counsel for the defendant submitted a request—which was granted—to take limited discovery related to the named plaintiffs. Counsel represented such discovery was necessary to allow Ryla an opportunity to effectively respond to the then yet-to-be-filed motion for conditional certification. As indicated

---

recommendation would be issued on both the motion for conditional class certification and motion for sanctions (*see generally* Doc. 99); however, after wading through the parties' evidence and briefing as to both motions, the undersigned has now determined that because the Court did not rely on Ms. Wingard's declaration (Doc. 73-2 at 10-12) in deciding the motion for conditional certification and judicial notice, the most expedient means of dispatching the motions now before the Court is via an order on the more pressing motion for conditional certification and judicial notice, *see Summa v. Hofstra Univ.*, 715 F. Supp. 2d 378, 383-84 (E.D.N.Y. 2010); *Poreda v. Boise Cascade, LLC*, 532 F. Supp. 2d 234, 238 (D. Mass. 2008); *Barrus v. Dick's Sporting Goods, Inc.*, 465 F. Supp. 2d 224, 229 n.1 (W.D.N.Y. 2006), and a separate report and recommendation to the District Judge regarding the motion for sanctions.

above, that motion was filed. Limited discovery was undertaken by Ryla. The motion has been vigorously opposed. And the question of conditional certification of this collective action is now ripe.

Discussion

1.  **Allowing <u>only</u> the defendant to take limited discovery prior to filing its opposition to the motion for conditional certification does not boost the level of scrutiny this Court will apply at this, the initial, stage of the certification process.**

Under the Eleventh Circuit's approach, there is no magic formula to determine whether a group of employees are similarly situated enough "to start[] the motors of a collective action" under the FLSA. *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1260 (11th Cir. 2008) ("The FLSA itself does not define how similar the employees must be before the case may proceed as a collective action. And we have not adopted a precise definition of the term."). What the Eleventh Circuit has made clear, however, is that while a group of employees **need not hold identical positions** to qualify as similarly situated, *see id.* at 1261 (citing *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996)) (emphasis added), "a 'district court should satisfy itself that there are other employees . . . who desire to "opt-in" and who are "similarly situated" with respect to their **job requirements** and with regard to their **pay provisions**[,]'" *id.* at 1260 (quoting *Dybach v. State of Florida Dep't of Corrs.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991)) (emphasis added); *cf. id.* at 1261-62 ("[A]t the **second stage**, 'although the FLSA does not require potential class members to hold identical positions, the similarities necessary **to maintain** a collective action under § 216(b) must extend beyond the mere facts of job

3

duties and pay provisions' and encompass the defenses to some extent.") (quoting *Anderson v. Cagle's*, 488 F.3d 945, 953 (11th Cir. 2007)) (emphasis added).

Although the Court allowed the defendant, at its request, to take limited discovery from the named plaintiffs in this matter prior to filing its opposition (*see* Doc. 67), this case remains at the first step of the two-step procedure courts in this Circuit generally follow. As such, this Court's task at this time is simply to "determine[] whether other similarly situated employees should be notified." *Morgan*, 551 F.3d at 1260 ("The first step of whether a collective action should be certified is the notice stage.") (citing *Anderson*, 488 F.3d at 952-53). Although the plaintiffs shoulder the burden to show a "reasonable basis" for their "claim that there are other similarly situated employees," *id.* (citations omitted), the Eleventh Circuit has

> described the standard for determining similarity, at this initial stage, as "not particularly stringent," *Hipp*[ *v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1214 (11th Cir. 2001)], "fairly lenient," *id.* at 1218, "flexib[le]," *id.* at 1219, "not heavy," *Grayson*, 79 F.3d at 1097, and "less stringent than that for joinder under Rule 20(a) or for separate trials under 42(b)," *id*. at 1096. . . . [Moreover, t]he district court's broad discretion at the notice stage is [ ] constrained, to some extent, by the leniency of the standard for the exercise of that discretion. Nonetheless, there must be more than "only counsel's unsupported assertions that FLSA violations [are] widespread and that additional plaintiffs would come from other stores." *Haynes*[ *v. Singer Co.*, 696 F.2d 884, 887 (11th Cir. 1983)].

*Id*. at 1260-61. While the defendant urges the Court to apply "a more searching standard at the conditional certification stage" (Doc. 92 at 16) since the Court did grant the defendant's request to undertake limited discovery, because the plaintiffs have not yet been allowed to conduct discovery in this matter, the undersigned declines that

4

invitation and will, instead, follow the lenient standard set forth above.[2] *See Anderson*, 488 F.3d at 952 (in which the Eleventh Circuit noted that "the lenient standard [ ] adopted in the *Grayson* opinion may be most useful when making a certification decision early in the litigation before discovery has been **completed**") (emphasis added).

### 2. The class of employees plaintiffs outline is sufficiently similarly situated for purposes of conditional certification and judicial notice.

---

[2]  The posture of the cases, all from the Middle District of Alabama, the defendant cites in support (*see* Doc. 92 at 16-18) are easily distinguishable from the current posture of this case. *See White v. Osmose, Inc.*, 204 F. Supp. 2d 1309, 1313 n.2 (M.D. Ala. 2002) (because the **plaintiff** "has has had **extensive discovery** with respect to Osmose's policies regarding the pay provisions of employees in the utilities division" the court "deem[ed] it necessary to carefully consider the submissions of the parties with respect to the class allegations, rather than merely relying on the handful of affidavits that support White's position") (emphasis added); *Davis v. Charoen Pokphand (USA), Inc.*, 303 F. Supp. 2d 1272, 1276 (M.D. Ala. 2004) (noting that because that "case [was] in a slightly different posture than that envisioned in *Hipp* as the first stage, or "notice stage," 252 F.3d at 1218, . . . a more searching standard of review [was] appropriate"); *id.* ("The rationale for the 'fairly lenient standard' is that at the early stages of litigation, **plaintiffs have not had time to conduct discovery and marshal their best evidence**. This rationale disappears, however, **once plaintiffs have had an opportunity to conduct discovery** with respect to defendant's policies and procedures.") (emphasis added); *cf. Rollins v. Alabama Cmty. College Sys.*, Civil Action No. 2:09cv636-WHA, 2010 WL 4269133, at *11 (M.D. Ala. Oct. 25, 2010) (noting that because discovery—including expert discovery, *see id.* at *12—had already occurred "there [was] less need for a lenient standard").

Simply put, the Court's decision to grant the defendant's request to conduct limited discovery to allow it to prepare an opposition did not bump this proceeding from the first to the second stage. "The fact remains that this case is still in its early stages, it has not proceeded to discovery, and **both** sides have not had an opportunity to fully investigate the relevant facts." *Simpkins v. Pulte Home Corp.*, No. 6:08-cv-130-Orl-19DAB, 2008 WL 3927275, at *6 (M.D. Fla. Aug. 21, 2008) (emphasis added) (which further remarked: "The Eleventh Circuit's observation that courts proceed on a limited record at the first stage was not an invitation for Pulte to inundate the Court with affidavits. This Court will not apply a stricter, more individualized review simply because Pulte has presented 500 pages of evidence that contradict Simpkins' assertions to some degree."); *cf id.* at *8 (noting that many of the arguments presented by the defendant in that case—like many of the arguments presented by the defendant here—"are directed toward the wrong stage of the certification process[:] Tellingly, Pulte draws most of the legal support for the arguments from cases decertifying a class at the second stage or choosing not to proceed under the two-stage framework.").

The plaintiffs seek conditional certification of, and dissemination of judicial notice to, a class of employees and former employees of the defendant's Saraland, Alabama call center who they allege were harmed by the defendant's "pattern or practice of requiring off-the-clock work prior to and after [the employees'] shifts[.]" (Doc. 72 at 2.) In order to allow this action to proceed collectively pursuant to section 216(b), at this, "the earlier 'notice stage' of FLSA class certification," the Court must satisfy itself that the employees are "sufficiently 'similarly situated[.]'" *Ramos-Barrientos v. Bland*, No. 606CV089, 2009 WL 3851624, at *2 (S.D. Ga. Nov. 17, 2009) (applying *Dybach* and citing *Arriaga-Zacarias v. Lewis Taylor Farms, Inc.*, Civil Action No. 7:08-CV-32(HL), 2008 WL 5115005, at *8 (M.D. Ga. Dec. 4. 2008) (conditionally certifying action of H-2A workers where "Plaintiffs and proposed class members were employed under the **same** H-2A **job orders**, had the **same pay provisions**, had **virtually identical job titles and tasks**, and allegedly suffered the **same FLSA violations**") (emphasis added)).

Plaintiffs assert—and the Court finds—that, at a minimum, they "have established they are similar enough to proceed collectively through discovery." (Doc. 95 at 15.) At a minimum, the Court can rely on the declarations of thirteen individuals (*see* Exs. 1-3 and 5-14 to the Aff. of David E. Schlesinger (Doc. 73-2 at 1-9 and 13-131))[3] who assert that they are current or former employees of the defendant in the Saraland,

---

[3] Because the defendant has requested that the affidavit of Plaintiff Makaelia Wingard be stricken as a sanction for her failure to attend her deposition (*see* Docs. 97 & 98), the undersigned did not consider that declaration. The Court, however, will address the defendant's motion for sanctions in a separate report and recommendation to the District Judge. *See* note 1, *supra*.

6

Alabama call center "employed . . . in customer service and similar positions that primarily involved providing customers through inbound telephone calls, at any time with three years prior to the filing of the Complaint, . . . and were not paid for some of their work activities or, on at least one occasion, were not paid promptly and in full on their regularly scheduled paydays." (Doc. 72 at 5 (citing Doc. 10, am. compl., ¶ 9).) Thus, the plaintiffs and the proposed class, one, hold or held the same or very similar positions—that required they perform virtually identical tasks—and, two, allege the same FLSA violations.[4]

---

[4] The defendant cites a host of cases for the proposition that the claims presented by the plaintiffs are inappropriate for **conditional** certification because of the individualized nature of the inquiry that will be required. This argument is either misplaced or, at least, premature, and the cases the defendant relies on are inapposite. First, in two out-of-Circuit cases, the district courts did not follow the two-stage protocol followed by district courts in this Circuit. Second, in two cases—one from a district court in this Circuit—the courts were faced with substantially more evidence at this initial stage. For example, in *Wombles v. Title Max of Alabama, Inc.*, No. Civ.A. 303CV1158CWO, 2005 WL 3312670 (M.D. Ala. Dec. 7, 2005), Judge Coody relied on "evidence presented at [an] evidentiary hearing" to find that the plaintiffs were not similarly situated either among themselves or with other putative class members. *Id.* at *4. In another case from a district court in this Circuit, the plaintiffs failed to file "a single affidavit or declaration of consent to join stating that another individual is a similarly situated employee and wants to join this suit," which the court stated was "alone" fatal. *Cartner v. Hewitt Assocs., LLC*, No. 6:09-cv-1293-Orl-31DAB, 2009 WL 3245482, at *2 (M.D. Fla. Oct. 7, 2009). Finally, in a third case from a district court in this Circuit, *Williams v. Accredited Home Lenders, Inc.*, No. 1:05-CV-1681-TWT, 2006 WL 2085312 (N.D. Ga. July 25, 2006), the court addressed a request to conditional certify a nationwide class of employees "**alleging** that [the defendant's] **branch managers violated** the **company's** established overtime and timekeeping **policies** by requiring . . . 'off-the-clock'" work, *id.* at *4 (emphasis added). There, the district court found that certification was not possible because, among other things, "every employee must testify about his awareness of the overtime policy, and his violation of that policy—and whether it was compelled by his or her branch manager. In other words, there must be a fact-specific, individualized inquiry into each Plaintiff's day-to-day activities." *Id.* Here, by contrast, the plaintiffs are **alleging** that Ryla maintains a **policy** or "**practice** of requiring off-the-clock work." (Doc. 72 at 2 (emphasis added).)

Three additional arguments made by the defendants in opposition to this motion also fail. First, the defendant argues that Plaintiff Chasity Robinson lacks "standing to pursue all of the FLSA claims alleged because she does not meet the proposed class definition . . . with respect to timely payments [since s]he admits that she was never paid late." (Doc. 92 at 21 (citation omitted).) This argument falls short because, as stated recently in a case parallel to this one,

> [e]ven though [a plaintiff] might not be within the subclass of plaintiffs who performed unpaid work after a scheduled shift **or who were frequently paid late**, she's still within the broad definition proposed for the class. Certification of a collective class, although somewhat similar to certification for a class action under Federal Rule of Civil Procedure 23, is less demanding and doesn't require that the named representative's claims have the same essential characteristics as the claims of the class at large to achieve the initial certification.

*Swarthout v. Ryla Teleservices, Inc.*, Cause No. 4:11–CV–21 RM, 2011 WL 6152347, at *5 (N.D. Ind. Dec. 12, 2011) (citing *Brickel v. Bradford–Scott Data Corp.*, No. 1:09–CV–58, 2010 WL 145348, at * 1 (N.D. Ind. Jan. 11, 2010) ("The strict class certification requirements of Federal Rule of Civil Procedure 23, such as numerosity, typicality, commonality, and representativeness, do not apply to FLSA collective actions.")).[5]

Next, the defendant urges this Court to consider the Supreme Court's recent—landmark—decision in *Wal–Mart Stores, Inc. v. Dukes*, ___ U.S. ____, 131 S. Ct. 2541 (2011) at this, the first, step in certifying an FLSA collective action. And while

---

[5] The plaintiffs brought this authority to the Court's attention (*see* Doc. 105), and although they could have simply filed a notice with the Court, they chose to file a motion to supplement, which the Court finds should be **GRANTED**.

some courts have chosen to discuss *Dukes* in decisions denying conditional certification, *see, e.g.*, *MacGregor v. Farmers Ins. Exch.*, Civil No. 2:10–CV–03088, 2011 WL 2981466, at *4 (D.S.C. July 22, 2011) (nothing that it "need not base its decision that plaintiffs have failed to present even a modest factual showing of a common policy or plan on *Dukes*"), the undersigned believes that, if applicable at all, *Dukes* is not applicable at the first step of the two-step collective action certification process. *Compare Spellman v. American Eagle Exp., Inc.*, Civil Action No. 10–1764, 2011 WL 4014351 (E.D. Pa. July 21, 2011) (denying motion to reconsider an order conditionally certifying collective action, noting that the plaintiff made the requisite "'modest factual showing' that the similarly situated requirements is satisfied" and that the defendant, at the close of discovery/conclusion of initial stage of the certification process, "may argue that *Dukes*'s analysis of what constitutes a 'common question' is persuasive to this Court's analysis of whether an FLSA collective action should be certified"), *with Alli v. Boston Market Co.*, Civil No. 3:10–cv–4 (JCH), 2011 WL 4006691, at *7 n.3 (D. Conn. Sep. 8, 2011) (in response to the defendant's notice of supplemental authority, including *Dukes*, Judge Hall noted, "Assuming for the sake of argument that Rule 23 cases[, like *Dukes*,] might provide some guidance in FLSA collective action cases, they do not alter the standard applicable at the **initial, conditional** certification stage. Until the potential plaintiffs receive notice and decide whether to opt-in, the court should not and will not decide whether the case actually ought to be resolved as a collective action.") (citations omitted and emphasis added); *see also Creely v. HCR ManorCare, Inc.*, Nos. 3:09 CV 2879, 3:10 CV 417, 3:10 CV

2200, 2011 WL 3794142 (N.D. Ohio July 1, 2011) ((1) refusing a defendants' request to consider *Dukes*, noting that the "commonality" requirement of Rule 23(a)(2) is distinct from the FLSA's "similarly situated" requirement; (2) distinguishing *Dukes* from that case—in *Dukes*, the "resolution of the plaintiffs' gender-based Title VII claims depended on the reasons for each particular employment decision," whereas "the FLSA claims before [that] Court [did] not require an examination of the subjective intent behind millions of individual employment decisions; rather, the crux of [the] case [was] whether the company-wide policies, as implemented, violated Plaintiffs' statutory rights"; and (3) recognizing that the FLSA's "opt-in" procedure obviated the Supreme Court's second concern/holding in *Dukes*, in which they "concluded the plaintiffs' individual money-damages claims predominated, and held the absence of notice and opt-out procedures under Rule 23(b)(2)—as compared to Rule 23(b)(3)—violated plaintiffs' due process rights").

Finally, related to the its request that the Court consider this case taking into account *Dukes*, the defendant, effectively, urges the undersigned to find that the plaintiffs and putative plaintiffs are not victims of a plan or policy to deny them overtime pay, but are instead the victims of ad hoc decision-making by low- or mid-level managers; this would require the Court to make a factual determination[6]—without

---

[6] *Compare* Doc. 92, the defendant's opposition, at 22-29 (in which the defendant, for example, argues, *id.* at 26, that "Ms. Robinsons [sic] admits that the payroll discrepancy forms that she submitted for the alleged pre- and post-shift work that were denied, were not denied because Ryla has a company policy or practice against paying CSRs for such time, but because her Team Lead was unable to substantiate her particular claim that she had actually done the

allowing the plaintiffs the benefits of undertaking their own discovery. The Court, however, "declines to resolve factual issues or make credibility determinations at this stage." *Scott v. Heartland Home Finance, Inc.*, Civil Action No. 1:05-CV-2812-TWT, 2006 WL 1209813, at *3 (N.D. Ga. May 3, 2006) (citing, *inter alia*, *Camper v. Home Quality Mgmt. Inc.*, 200 F.R.D. 516, 520 (D. Md. 2000) ("Factual disputes do not negate the appropriateness of court facilitated notice."); *Kreher v. City of Atlanta, Ga.*, No. 1:04-CV-2651-WSD, 2006 WL 739572, at *4 (N.D. Ga. Mar. 20, 2006) ("[A] court adjudicating a motion to authorize a collective action need not evaluate the merits of plaintiffs' claims in order to determine whether a similarly situated group exists.") (quoting *Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 55 (S.D.N.Y. 2005))).

## Conclusion

Having found that the motion (Doc. 71) should be **GRANTED** for the foregoing reasons, the following is **ORDERED**:

1. This case is hereby conditionally certified as a collective action under 29 U.S.C. § 216(b) of the Fair Labor Standards Act;

2. The Court hereby authorizes and approves judicial notice—set forth in Exhibit B to the Affidavit of David E. Schlesinger (*see* Doc. 73-1 at 7-10) as modified to

---

alleged pre- and post-shift work" (citation omitted), *with* Doc. 95, the plaintiffs' reply, at 10-11 ("Ms. Robinson testified that had she submitted an exception form for pre-shift work, it would have been denied because it was contrary to the expectation that CSRs arrive before their shifts and prepare to take incoming calls when their shifts began. Despite that fact, Defendant attempts to use an out-of-context section of Ms. Robinson's deposition to argue that whether such a request would have been granted is completely random.").

make that notice consistent with this order—to potential opt-ins to inform them of the action and give them an opportunity to join this action as party plaintiffs by opting in;

3. By no later than **January 17, 2012**, the defendant's counsel shall provide a list to the plaintiffs' counsel, in an electronic and importable format acceptable to the plaintiffs' counsel, of all persons who are or have been employed by the defendant as customer service representatives in Saraland, Alabama at any point from March 15, 2008 to the date of this order. The list shall include the employees' names, job titles, most recent addresses listed in the defendant's records, dates of employment, and the last four digits of their Social Security numbers;

4. The plaintiffs' counsel shall administer the notice process, but the undersigned retains jurisdiction, reserving the power to enter additional orders to effectuate the fair and orderly administration of notice and resolve any and all disputes related to the notice process;

5. The notice period shall extend **sixty (60) days** from the date the plaintiffs' counsel distributes the notice, and the plaintiffs' counsel shall provide the Court and counsel for the defendant with written notice apprising them of the date on which the notice forms were distributed.

6. The Court **DENIES** the plaintiffs' request to send a reminder letter/notice (*see* Doc. 73-1 at 11).[7]

---

[7] The plaintiffs have not defended, in their reply, their request to send a reminder notice, and the cases reviewed by the Court suggest that such reminders can "be interpreted as encouragement by the court to join the lawsuit." *Wlotkowski v. Michigan Bell Tele. Co.*, 267 F.R.D.

7. Within **fourteen (14) days** from the close of the opt-in period, the parties shall meet and confer and file a supplemental Rule 26(f) report, substantially similar to the report they submitted on June 13, 2011 (Doc. 62), setting forth a proposed schedule for the efficient resolution of this matter.

**DONE** this the 20th day of December, 2011.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

---

213, 220 (E.D. Mich. 2010) (quoting *Witteman v. Wisconsin Bell, Inc.*, No. 09-cv-440-vis, 2010 WL 446033, *3 (W.D. Wis. Feb. 2, 2010)). That would be at odds with the purpose for judicial notice—which is "simply to inform potential class members of their rights. Once they receive that information, it is their responsibility to act as they see fit." *Id.*