IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHASITY ROBINSON, *et al.*,   )<br>    Plaintiffs,             )<br>                              )<br>v.                            )<br>                              )<br>RYLA TELESERVICES, INC.,      )<br>    Defendant.                ) | CIVIL ACTION NO.: 11-00131-KD-C |

**ORDER**

This matter is before the Court on a review of the record.

On March 21, 2013, the Court ordered Plaintiff Makelia Wingard to file by April 4, 2013, a Notice with the Court as to whether she intends to proceed with her individual FLSA case.[1] (Doc. 174). Plaintiff Makelia Wingard was specifically cautioned that failure to file such a Notice by April 4, 2013, would result in her FLSA claim being dismissed with prejudice for failure to prosecute.[2] (Id.) The record indicated that on March 25, 2013, a copy of said Order was served on a "Sanford Wingard," via certified mail, at Plaintiff Makelia Wingard's address of record: 125 Farrior Street, Troy, AL, 36081. (Doc. 176).

---

[1] Plaintiff Makelia Wingard was proceeding *pro se*; she was neither part of the proposed FLSA settlement nor included in the Opt-In Plaintiffs class endeavoring to execute final settlement of their FLSA claims. Instead, Wingard's FLSA claim stood alone.

[2] District courts possess inherent power to sanction errant litigants, including the power to dismiss an action for failure to prosecute. While *"[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed[,]" Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), this does not extend to a *pro se* litigant's failure to comply with federal procedural rules, local court rules, or orders of the court. See, e.g., Brown v. Tallahassee Police Dep't, 205 Fed. Appx. 802, 802-803 (11$^{th}$Cir. 2006) (affirming *sua sponte* dismissal of *pro se* action for failure to prosecute or failure to obey a court order). Rule 41(b) expressly authorizes the involuntary dismissal of a claim due to a plaintiff's failure to abide by court orders or the Federal Rules of Civil Procedure. See, e.g., State Exchange Bank v. Hartline, 693 F.2d 1350, 1352 (11th Cir. 1982) ("The Federal Rules expressly authorize a district court to dismiss a claim or entire action for failure to prosecute or obey a court order or federal rule."). Moreover, the power of a court to dismiss a claim "is inherent in a trial court's authority to enforce its orders and ensure prompt disposition of legal actions." Id.

As of the April 4, 2013 deadline, Plaintiff Makelia Wingard had failed to file the Notice as ordered by this Court. (Doc. 177). However, as Sanford Wingard rather than Plaintiff Makelia Wingard signed the certified mail return receipt card, it was unclear whether she had notice of the Court's Order. (Id.) As such, the Court provided Plaintiff Makelia Wingard with an additional opportunity to file, on or before April 25, 2013, a Notice with the Court as to whether she intends to proceed with her individual case. (Id.) At that time, Plaintiff Makelia Wingard was again cautioned that failure to file such a Notice by April 25, 2013, will result in her FLSA claim being dismissed with prejudice for failure to prosecute. (Id). Specifically, the Court stated in the April 5, 2013 Order that "for those reasons stated on the record at the March 13, 2013 hearing, as well as due to Plaintiff Wingard's inaction in this case,[3] this will be her last opportunity to maintain her individual FLSA case. <u>Plaintiff Makelia Wingard's failure to file the ordered Notice on April 25, 2013 will result in dismissal with prejudice of her FLSA claim on April 26, 2013</u>." (Id. (emphasis in original)).

As of the April 25, 2013 deadline, Plaintiff Makelia Wingard has failed to file the Notice as ordered by this Court. While Sanford Wingard, rather than Plaintiff Makelia Wingard, again signed the certified mail return receipt card. (Doc. 179). However, on this occasion – April 10, 2013 -- he signed the receipt as the "Agent" for Plaintiff Makelia Wingard. (Doc. 179). As such, the Court is satisfied that Plaintiff Makelia Wingard has received notice of the Court's orders. Thus, in accordance with the Court's April 5, 2013 order, Plaintiff Makelia Wingard's

---

[3] See, e.g., Docs. 97, 98, 108.

failure to file the Notice by the April 25, 2013 deadline results in dismissal with prejudice of her FLSA claim against Defendant.[4]

Due to Plaintiff Makelia Wingard's failure to comply with this Court's Orders (Docs. 174, 177), and failure to prosecute this action, and upon consideration of the alternatives that are available to this Court, it is **ORDERED** that Plaintiff Makelia Wingard's FLSA claim is **DISMISSED WITH PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice.

**DONE** and **ORDERED** this the **26th** day of **April 2013.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[4] "A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO. Inc., 501 U.S. 32, 43 (1991)). This authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Id. (citing Rule 41(b)). While "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed[,]" Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), this does not extend to a pro se litigant's failure to comply with federal procedural rules, local court rules, or orders of the court. See, e.g., Brown v. Tallahassee Police Dep't, 205 Fed. Appx. 802, 802-803 (11th Cir. 2006) (affirming *sua sponte* dismissal of *pro se* action for failure to prosecute or failure to obey a court order). Rule 41(b) of the Federal Rules of Civil Procedure expressly authorizes the involuntary dismissal of a claim due to a plaintiff's failure to abide by court orders or the Federal Rules of Civil Procedure. State Exchange Bank v. Hartline, 693 F.2d 1350, 1352 (11th Cir. 1982) (finding that "[t]he Federal Rules expressly authorize a district court to dismiss a claim, including a counterclaim, or entire action for failure to prosecute or obey a court order or federal rule[]"). Moreover, the power of a court to dismiss a claim "is inherent in a trial court's authority to enforce its orders and ensure prompt disposition of legal actions." Id. See also e.g., Link v. Wabash R.Co., 370 U.S. 626, 630 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-1457 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op. of Fla., 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983).